# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| ALBERTUS CONNER, JR. | CIVIL ACTION NO. 23-1451-P |
| VERSUS | JUDGE HICKS |
| WARDEN | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Albertus Conner, Jr., pursuant to 28 U.S.C. § 2254. This petition was received and filed in this court on October 12, 2023. Petitioner challenges his state court conviction and sentence. Petitioner is currently incarcerated at the Caddo Correctional Center in Shreveport, Louisiana on different charges, and he names the Warden as respondent.

On December 3, 2013, Petitioner was convicted of simple possession of a Schedule II, cocaine, in the Louisiana First Judicial District Court, Parish of Caddo. On December 5, 2013, Petitioner was sentenced to three years imprisonment at hard labor.[1]

---

[1] Petitioner must file any challenges to any other charge(s), conviction(s), and/or sentence(s) in a separate petition.

In support of this petition, Petitioner alleges the jury verdict was not unanimous as required by Ramos.  For the reasons discussed below, Petitioner's application for habeas relief should be dismissed for lack of subject-matter jurisdiction.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  A petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).  If the sentence has fully expired before the habeas petition is filed, then the petitioner is not in "custody" and the federal court has no jurisdiction over the petition.  Maleng v. Cook, Id. at 491.  Petitioner is presently not in custody pursuant to the conviction and sentence he seeks to challenge in this petition.

Accordingly, Petitioner has failed to establish that he was in custody for the purposes of a habeas attack on the simple possession of a Schedule II, cocaine conviction because the sentence imposed for that conviction had already expired.  Thus, Petitioner has failed to state a cause of action under 28 U.S.C. § 2254.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED** because the court does not have subject-matter jurisdiction.

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court

unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 19th day of March, 2024.

Mark L. Hornsby
U.S. Magistrate Judge